IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSEPH WEINMAN, Individually and on**                     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 4:22-cv-857-DPM

**SPECTRUM PAINT COMPANY, INC.**                            **DEFENDANT**

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION**

In responding to Plaintiff's Motion for Conditional Certification ("Motion"), Defendant relies on nonauthoritative decisions from other circuits to ask this Court to overturn well-established precedent in order to determine that Plaintiff has not met his burden to show he is similarly situated to the collective he seeks to represent. Defendant's remaining arguments are improper merits-based and credibility-based arguments, none of which is sufficient to overcome Plaintiff's evidence that the collective members were victims of a single decision, policy or plan imposed by Defendant. Defendant has provided no basis to reject Plaintiff's request for conditional certification or Plaintiff's proposed Notice and Notice-distribution procedure. Therefore, Plaintiff's Motion for Conditional Certification should be granted in its entirety.

**A. The Court should follow well-established in-circuit precedent to rule on Plaintiff's Motion for Conditional Certification.**

The bulk of Defendant's Response (ECF No. 17) is devoted to an attempt to convince this Court to overturn years of precedent to follow an *out-of-circuit* ruling. Relying on the Fifth Circuit's recent ruling, *Swales v. KLLM Transportation Services*,

Page 1 of 20
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Reply in Support of Motion for Conditional Certification

985 F.3d 430 (5th Cir. 2021), Defendant argues that the two-tiered approach to conditional certification as it currently stands is too lax.

Courts in this district, along with many others in the Eighth Circuit, have already declined to follow *Swales* and will continue to use the two-tiered approach to certification. *See, e.g.*, *Looney v. Weco, Inc.*, No. 4:21-cv-00165-KGB, 2022 U.S. Dist. LEXIS 167770, at *5 (E.D. Ark. Sep. 16, 2022) (citing *Murphy v. Labor Source, LLC*, 2022 U.S. Dist. LEXIS 22481, at *40 n.4 (D. Minn. Feb. 8, 2022); *Rodriguez v. Cutchall*, No. 4:20CV3106, 2021 U.S. Dist. LEXIS 223314, at *4 (D. Neb. Nov. 16, 2021); *McCoy v. Elkhart Prods. Corp.*, No. 5:20-CV-05176, 2021 U.S. Dist. LEXIS 26069, at *5 (W.D. Ark. Feb. 11, 2021)). *See also Clark v. Sw. Energy Co.*, No. 4:20-cv-00475-KGB, 2022 U.S. Dist. LEXIS 61191, at *8 (E.D. Ark. Mar. 31, 2022) ("[The defendant] has not presented any persuasive reason why this Court should deviate from the widely used two-stage approach. The Court declines to apply *Swales*, as have other district courts in the Eighth Circuit."); *McCoy*, 2021 U.S. Dist. LEXIS 26069, at *5 ("The Court will follow the historical, two-stage approach, which has proven to be an efficient means of resolution of this case."); *Galigher v. Neo Cabinet*, No. 2:20-cv-2140, 2021 U.S. Dist. LEXIS 4474, at *4 (W.D. Ark. Jan. 11, 2021) ("The Court will follow the historical approach because, if satisfied, it demonstrates that Plaintiff's claims and claims of the putative class involve the same transaction or occurrence and common questions of law and fact."). Order, p. 5, *Mitchell v. Brown's Moving & Storage*, No. 4:19-cv-783-LPR (E.D. Ark. Jan. 11, 2021), ECF No. 25 ("After a long and thorough examination, the Court concludes that its discretion is best exercised (at least in this case) by continued use of the two-step certification process and the relatively low standard for conditional

Page 2 of 20
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Reply in Support of Motion for Conditional Certification

certification used by nearly all of the district courts across the country and in this circuit").

Defendant does not argue that the current two-tiered standard is somehow defective in ensuring underpaid employees receive their day in court, which, as described below, is the function and purpose of the FLSA. Rather, Defendant seeks to instill a sense of injustice and foul play on behalf of *employers* who are made to answer for how they pay their employees. In support of this argument, Defendant cites to a few cases in which large collectives were eventually decertified, claiming that this led to "artificial" inflation of litigation and associated costs. Defendant is relying on a false equivalence—decertification of a collective does not mean that each individual member of the collective did not have a valid claim against the employer. Rather, decertification simply means that a court determined the claims were better suited to individual litigation. This is a natural and expected outcome to many collective actions. *Edwards v. KB Home*, No. 3-11-240, 2012 U.S. Dist. LEXIS 186984, *23–24 (S.D. Tex. Sept. 25, 2012) ("At the decertification stage, some collective actions will continue to satisfy the certification standards and will proceed to trial; some will present too many individualized questions and will no longer proceed collectively.").

Neither Defendant's history lesson regarding the development of the two-tiered approach to certification nor its self-serving and conclusory claims of baseless litigation are sufficient to overcome the well-established system courts use to enforce the principles undergirding the FLSA upon which the two-tiered approach developed. The "modest" showing this and most other courts throughout the United States require upon a request for conditional certification is premised on the understanding that employers

Page 3 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

have a significant advantage over employees seeking to enforce their rights under the FLSA. *See, e.g.*, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). A single employee has limited ability to enforce his or her rights over an employer, and § 216(b) recognizes there is strength in numbers. *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 519 (2d Cir. 2020) ("Section 216(b) . . . is tailored specifically to vindicating federal labor rights, and where the conditions of § 216(b) are met, employees have a substantive 'right' to proceed as a collective, a right that does not exist under Rule 23."). Further, a single employee understandably has limited knowledge regarding the inner-workings and structure of a large employer, which courts recognize in certifying a class based on a "modest" showing based on the employee's mere personal knowledge. *See Hoffman*, 982 F. Supp. at 262 (collecting cases).

Defendant's concerns that Plaintiff's lenient burden at the certification stage results in the rubber-stamping of a collective are likewise inflated and meritless. Defendant's claim that plaintiffs merely assert similarity and receive court approval is disproved with even a cursory glance at § 216(b) case law.[1] *See* Resp., p. 11. Defendant's assertion that because courts may not consider credibility or merits

---

[1] *See, e.g.*, *Smart v. City of Hughes*, No. 2:19-cv-00047-KGB, 2020 U.S. Dist. LEXIS 110272 (E.D. Ark. June 24, 2020) ("Having carefully reviewed the motion and related filings, the applicable legal authorities, and the entire record in this matter, the Court finds that the declarations submitted by [two plaintiffs] do *not* offer evidence sufficient to show that all members of the proposed collective were subject to a common employment policy or plan."); *Pressler v. Env't Servs. Co.*, No. 4:19-CV-00007 BSM, 2019 U.S. Dist. LEXIS 244517 (E.D. Ark. Apr. 3, 2019) ("[The plaintiff's] declaration alone is not enough to prove that similarly situated plaintiffs exist and would join 'a collective action.' For these reasons, [the plaintiff's] motion for conditional certification is denied without prejudice."). *See also Harris v. Nat'l Waterproofing & Roofing LLC*, No. CV-21-01537-PHX-SPL, 2022 U.S. Dist. LEXIS 161477, at *15 (D. Ariz. Sep. 7, 2022) ("[T]his Court is unable to find that Plaintiffs have demonstrated that they were similarly situated with other proposed class members and therefore denies Plaintiffs' request for certification."); Order, p. 8, *Rivera v. Stryten Energy, LLC*, No. 6:21-cv-2056-CJW-MAR (N.D. Ia. July 28, 2022), ECF No. 35 ("Plaintiff is correct that this first stage of conditional certification presents a relatively low burden. But plaintiff does not clear that burden here.").

Page 4 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

arguments, those courts are somehow rendered incapable of examining whether a plaintiff is similarly situated to a putative collective has already been examined and discarded by courts in the Eight Circuit. *See McCoy*, 2021 U.S. Dist. LEXIS 26069, at *5–6. In *McCoy*, the defendant raised almost identical arguments to those raised by Defendant here. In declining to raise the burden of demonstrating similarity, the Court noted that, "Although the burden of proof is low at the first stage of the two-stage approach, it is not non-existent, and Defendant's complaint that the two-stage approach leads courts to grant conditional certification without reviewing if potential opt-in plaintiffs are similarly situated is unfounded." *Id*. at *5–6. In fact, in reviewing the similarity in *McCoy*, the Western District of Arkansas only certified part of the collective the plaintiff requested, noting that she had not met her burden to show she was similarly situated to half of the collective she sought to represent. *Id.* at *8–9.

Further, Defendant's bemoaning of courts' refusal to engage with merits or credibility arguments at this stage is nothing more than speculation and outrage-mongering. Defendant claims that Plaintiff may raise any allegations he chooses while any counterevidence presented by Defendant will be ignored as a credibility or merits argument. *See* Resp., p. 11. Notably, Defendant doesn't actually raise any documentary evidence to refute Plaintiff's presentation of similarity in this case, aside from a self-serving declaration.[2] This battle of declarations is the entire basis of the ban on credibility arguments. Defendant claims that plaintiffs may simply allege any facts that

---

[2] Defendant attached an exhibit to the Declaration of Nicholas Blunt, but this document merely outlines Plaintiff's employment history with Defendant and provides no new information bearing on Plaintiff's similarity to other assistant managers. In fact, the document simply reinforces Plaintiff's claims that he was an assistant manager for Defendant during the times he claimed in his declaration. *Compare* Ex. 1 to Ex. A, p. 5, ECF No. 17-1 *with* Decl. of Joseph Weinman ("Decl. Weinman") ¶ 4, ECF No. 11-6. Moreover, as further described in Section B, infra, Defendant's document demonstrates that Plaintiff worked at *two* of Defendant's locations, where he performed the same duties and was subject to the same policies.

Page 5 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

will get them conditional certification, apparently arguing that defendants ought to be allowed to do the same thing, this time armed with disproportionate resources such as an army of human resources personnel and corporate attorneys. It's really no wonder that courts refuse to examine merits or credibility arguments at this stage—to do otherwise would simply trample the effectiveness of the FLSA's protection of workers' rights and render it useless.

In keeping with the power imbalance referenced above, many courts chose to engage in the two-step process because the statute of limitations on un-joined potential plaintiffs continues to run until their respective consents to join have been filed with this Court, consents that cannot be filed if they have not been received. *See, e.g.*, *Gortat v. Capala Bros.*, No. 07-CV-3629 (ILG), 2010 U.S. Dist. LEXIS 35451, at *30 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in, *see* 29 U.S.C. § 256(b), early certification and notice are favored in order to protect plaintiffs' rights. Thus, only a minimal evidentiary burden is imposed in order to satisfy the 'similarly situated' requirement."). The contortions that Defendant must twist itself into to argue that this is evidence that conditional certification is too lenient is laughable. Once again, the purpose of a collective action under the FLSA is to put employees on a level playing field with their employers. Defendant is correct that some employees may not even be aware that they have a valid claim until they receive notice that a lawsuit is pending—that is the very function of the FLSA and the purpose of § 216(b). In fact, it is every *employer's* responsibility to ensure that its employees are aware of their rights so that those employees know when they have a valid claim, and Defendant would seek to reduce

Page 6 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Reply in Support of Motion for Conditional Certification

theoretical costs to employers by trouncing on statutorily protected employee rights. *See* 29 U.S.C. § 211; 29 C.F.R. § 516.4.

The Eastern District has been fully briefed on Defendant's arguments multiple times and declined to follow *Swales* each time. The historical two-tiered approach recognizes the power imbalance between employees and employers by imposing a lenient, but not non-existent, burden on plaintiffs seeking to conditionally certify a collective. Courts have further noted that judicial economy is served in using the two-step process because it is an efficient way of handling complex cases. Courts across the country have managed to find similarity (or not) based on this lenient burden without the restrictions and guidance Defendant would impose on their discretion. This Court should likewise decline to entertain Defendant's hyperbolized outrage against the two-tiered model.

### B. The Court should grant Plaintiff's Motion for Conditional Certification.

The Court should grant Plaintiff's Motion because Plaintiff has met his lenient burden to show that he is similarly situated to others who were subject to Defendant's unlawful practice or policy. Plaintiff's declaration filed in support of his Motion is adequate to demonstrate that he and others in his position were subject to Defendant's unlawful policies and practices. Defendant's argument against certification rests on a legally unsupportable fact-based analysis of Plaintiff's claims and the credibility of his declaration, which is improper at this stage of the litigation. *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *9 (W.D. Ark. Mar. 13, 2008) ("at this stage, the Court does not make credibility determinations or resolve contradictory evidence presented by the parties") (citing *Grayson v. K Mart Corp.*, 79

Page 7 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

F.3d 1086, 1099 n.17 (11th Cir. 1996)); *see also Smith v. Frac Tech Servs.*, No. 4:09-cv-679-JLH, 2010 U.S. Dist. LEXIS 18657, at *13 (E.D. Ark. Feb. 26, 2010); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510 (W.D. Tex. Aug. 27, 2015).

  1. *Plaintiff's declaration supports a collective of salaried assistant managers.*

Plaintiff's declaration need only be based on personal knowledge. *Galigher v. Neo Cabinet*, No. 2:20-cv-2140, 2021 U.S. Dist. LEXIS 4474, at *6–7 (W.D. Ark. Jan. 11, 2021) (quoting *Buford v. Superior Energy Servs.*, No. 4:17-cv-323-KGB, 2018 U.S. Dist. LEXIS 237383, at *9 (E.D. Ark. June 1, 2018)). Personal knowledge of an employer's practices can be gained through conversations with other employees and observations made in the course of employment and can include inferences and opinions that are grounded in personal observation and experience. *Rosello v. Avon Prods.*, No. 14-1815 (JAG/BJM), 2015 U.S. Dist. LEXIS 83388, *14–15 (D.P.R. June 24, 2015) (Magistrate Judge) ("Personal knowledge may be contextually inferred, and courts at the conditional certification stage often presume an employee's familiarity with his employer's general practices and the general experiences of other employees.") (adopted at 2015 U.S. Dist. LEXIS 133159 (D.P.R. Sept. 28, 2015)); *McCloud v. McClinton Energy Grp., LLC*, No. 7:14-CV-120, 2015 U.S. Dist. LEXIS 20374, at *12, n. 5 (W.D. Tex. Feb. 20, 2015); *see also generally Banegas v. Calmar Corp.*, No. 15-593 SECTION "B"(1), 2015 U.S. Dist. LEXIS 104532, at *12 (E.D. La. Aug. 10, 2015) (finding that the plaintiff's affidavit was based on the plaintiff's own observations and conversations, which were sufficient to demonstrate personal knowledge); *Simmons v. Valspar*, No. 10-3026 (RHK/SER), 2011 U.S. Dist. LEXIS 39340, at *11 (D. Minn. Apr. 11, 2011) (rejecting employer's argument that employee affidavits were not based on

Page 8 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

personal knowledge and finding that "[i]t is reasonable to infer from the evidence submitted that Plaintiffs, as employees of Valspar, would have learned during the normal course of their employment how the company operates and what the company's policies were") (internal citations, quotation marks and editing marks omitted).

Plaintiff's declaration meets this standard, regardless of Defendant's counterevidence. In the declaration, Plaintiff describes his own experience, his own observations of the members of the collective, and the policies of Defendant which resulted in the FLSA violations alleged in this case. *See generally*, Decl. Weinman. Plaintiff worked for Defendant as a salaried assistant manager at two of Defendant's locations. Decl. Weinman ¶ 5; Ex. 1 to Ex. A, ECF No. 17-1. As an assistant manager, Plaintiff's primary duties were opening customer accounts, opening and closing registers, ordering and organizing stock, training employees, and cleaning and maintaining the store. Decl. Weinman ¶ 9. Plaintiff did not have authority to hire or fire other employees, nor did he have authority to make decisions on behalf of the company or the store without input from his supervisor. *Id.* at ¶ 13. Plaintiff was regularly scheduled to work 50 hours per week, but often worked more when the store was short-staffed. *Id.* at ¶ 19. Despite Plaintiff's routine and rote duties, Defendant classified him as exempt from the FLSA overtime requirements and paid him a salary with no overtime premium. *Id.* at ¶ 20, 22.

Plaintiff knows he performed the same duties as other assistant managers and that Defendant's policies applied to all of its assistant managers because he worked alongside and spoke with other assistant managers and personally witnessed their duties performed and hours worked. Decl. Weinman ¶ 6, 10. Likewise, Defendant's pay

Page 9 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

policies stem from a centralized, corporate headquarters and apply to all of Defendant's locations. *Id.* at ¶ 21. Finally, as Defendant noted, Plaintiff worked at two different locations for Defendant and performed the same duties and was paid the in the same manner at both locations. Decl. Weinman ¶ 9; Ex. 1 to Ex. A, ECF No. 17-1.

   *2.  The potential claims are not too individualized to proceed collectively.*

  Without fully developing an argument, Defendant argues the necessity of individual damage calculations, defenses and evidence, and concludes the group is too individualized to warrant certification. This is another inappropriate merits-based argument. Issues of manageability and individual inquiry are appropriately addressed at the decertification stage. As stated in *Holliday v. J S Express, Inc.*,

> As noted earlier, the first stage of certification requires nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan. The Court need not make a credibility determination with respect to contradictory evidence presented by Defendant at this stage. Defendant's argument that there is no feasible way to adjudicate due to the necessity of individual inquiries is premature. Manageability is an issue for the second stage of the conditional certification analysis.

No. 4:12-cv-1732-ERW, 2013 U.S. Dist. LEXIS 75816, at *18–20 (E.D. Mo. May 30, 2013); *Vargas v. Gen. Nutrition Ctrs., Inc.*, No. 2:10-cv-867, 2012 U.S. Dist. LEXIS 115614, at *23 (W.D. Pa. Aug. 16, 2012). An individualized determination of hours worked and pay received will be required in almost every collective action because the number of hours worked and pay rates drive the calculation of damages. The possibility that a case may ultimately be decertified does not justify the denial of conditional certification.

  Moreover, that a case might someday prove too unwieldy to proceed as a collective action "does not, under relevant caselaw, [sic] mean that notice may not fairly

Page 10 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

issue under the more lenient step one FLSA analysis." *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006). The potential for cases to be decertified is simply the expected outcome under the two-step analysis. *Edwards v. KB Home*, No. 3-11-240, 2012 U.S. Dist. LEXIS 186984, *23–24 (S.D. Tex. Sept. 25, 2012). Judicial economy is served by "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity" *Lara v. G&E Fla. Contractors, Ltd. Liab. Co.*, No. 15-20306-CIV-MORE, 2015 U.S. Dist. LEXIS 105981, at *18–19 (S.D. Fla. July 21, 2015) (internal quotation marks omitted). Ultimately, the need to determine opt-in damages on an individualized basis should not bar conditional certification if the collective is otherwise similarly situated. *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 U.S. Dist. LEXIS 42488, at *25 (S.D. Tex. May 28, 2008).[3]

   3. *Plaintiff is not required to demonstrate that others desire to opt in.*

Defendant next argues that Plaintiff failed to demonstrate that similarly situated employees desire to join the case. Courts in this circuit do not require such a showing. *Rorie v. Wsp2*, No. 5:20-cv-5106, 2020 U.S. Dist. LEXIS 194308, at *12 (W.D. Ark. Oct. 19, 2020) ("[T]he Court is reminded that requiring a plaintiff to present more rigorous proof of actual interest by other class members is generally not appropriate, given the

---

[3] *See also Jones v. AbClean, Inc.*, No. 1:08-CV-508, 2010 U.S. Dist. LEXIS 145462, at *23 (E.D. Tex. Feb. 8, 2010) (noting that that "the potential for individualized damages assessments and the assertion of individualized defenses is not a sufficient basis to preclude conditional certification"); *Rocha v. Gateway Funding Diversified Mortg. Servs., L.P.*, No. 15-482, 2016 U.S. Dist. LEXIS 71494, at *34–35 (E.D. Pa. June 1, 2016) (noting that the defendant's "argument that individualized determinations will make this case unsuitable for a collective proceeding is best left for the second stage of FLSA collective action certification") (internal citations and quotation marks omitted); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 U.S. Dist. LEXIS 101297, *4–6 (S.D. Tex. Dec. 11, 2008) (explaining why an argument over individualized inquiries is "too far sweeping" at the notice stage).

Page 11 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

remedial purpose of the FLSA and the low bar that plaintiffs must chin in order to achieve conditional certification at the 'notice stage' of the process.").[4]

Not only does the text of the FLSA not suggest such a requirement, but the proposed, extra-statutory hurdle is inconsistent with (1) the broad, remedial goal of the FLSA; (2) the notion that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction; and (3) the relatively low burden at the conditional certification stage.[5] Better-reasoned cases reject the requirement that a plaintiff prove the existence of other putative plaintiffs *already desiring* to join the current litigation.[6] It makes no sense to demand that Plaintiff recruit others to join prior to their receipt of notice that they *can* join.

In fact, in a 2018 case in this District, the Court held that plaintiff declarations merely stating that other similarly situated employees wish to opt in "suffice to show that other similarly situated individuals desire to opt into this litigation." Order, *Hicks v. Lindsey Mgmt. Co.*, Case No. 3:18-cv-133-KGB (E.D. Ark. Feb. 11, 2019), ECF No. 19. *See also Rorie*, 2020 U.S. Dist. LEXIS 194308, at *12. Plaintiff's declaration clearly states not only that similarly situated employees exist, but that they desire to opt-in. Decl. Weinman ¶ 24, 25.

---

[4] *See also Adams v. United Cerebral Palsy of Cent. Ark., Inc.*, 2017 U.S. Dist. LEXIS 177470, *3–4 (E.D. Ark. Apr. 27, 2017); Order, *Haley v. Goodwill Indus. of Ark., Inc.*, Case No. 4:18-cv-485-KGB (E.D. Ark. July 15, 2019), ECF No. 19.

[5] *See* 29 U.S.C. § 201 *et seq.*; *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007); *Shipes v. Amurcon Corp.*, U.S.D.C. Case No. 10-14943, *15 (E.D. Mich., March 23, 2012); *Miller v. Jackson, Tennessee, Hospital Co. LLC*, U.S.D.C. Case No. 3:10-1078, *13 (M. D. Tenn., March 21, 2011).

[6] *See O'Donnell v. Robert Half International, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008); *Getchman v. Pyramid Consulting, Inc.*, 2017 U.S. Dist. LEXIS 25081, at *13 (E.D. Mo. Feb. 23, 2017) ("But evidence of 'interest' from similarly situated employees is not required at this stage of the case."); *Banegas v. Calmar Corp.*, 2015 U.S. Dist. LEXIS 104532, *14 (E.D. La. Aug. 6, 2015).

Page 12 of 20
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Reply in Support of Motion for Conditional Certification

*4.    Plaintiff's declaration is sufficient to show company-wide violations.*

Finally, Defendant argues that any collective certified should be limited to Defendant's central Arkansas stores. *See* Resp., p. 17. Plaintiff has met his burden to demonstrate that Defendant's policies that violate the FLSA affect all salaried assistant managers, regardless of location. Case law supports Plaintiff's request because class definitions covering multiple job titles, even over a variety of locations and with variable job duties, are appropriate for conditional certification where, as here, the class members are similarly situated in ways that matter to the ultimate outcome of the case.[7]

In fact, in *Latcham, et al. v. U.S. Pizza Co.*, this Court granted certification of a class of servers across all of the defendant's restaurants, despite the fact that the plaintiffs only worked at one of the defendant's locations. Order, No. 4:16-cv-582-BSM (E.D. Ark. June 5, 2017), ECF No. 14. As in *Latcham*, Plaintiff has provided facts demonstrating that, regardless of location, he and other assistant managers were subject to the same pay policy that violated the FLSA and is the basis of this lawsuit: Defendant misclassified its assistant managers as salaried employees and denied them overtime pay. *See* Decl. Weinman ¶ 22.

---

[7]    *See generally Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150 (D.N.Y. 2008); *Foster v. Nova Hardbanding, LLC*, No. CV 15-1047 CG/LAM, 2016 U.S. Dist. LEXIS 53426 (D. N.M. Apr. 20, 2016); *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761 (S.D. Tex. 2016); *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-2267, 2015 U.S. Dist. LEXIS 22870 (W.D. La. Feb. 25, 2015) (certification of class of "operators" despite defendant's allegations that the class covered a variety of positions, pay grades, degree requirements and geographic locations); *Benedict v. Hewlett-Packard Co.*, No. 13-cv-119-LHK, 2014 U.S. Dist. LEXIS 18594 (N.D. Cal. Feb. 13, 2014) (certifying a class covering nine job titles over three job families, noting that defendant's arguments such as the individualized nature of misclassifications is more appropriate at the final certification stage where division into subclasses may be appropriate); *Prejean v. O'Brien's Response Mgmt.*, No. 12-1045, 2013 U.S. Dist. LEXIS 158948 (E.D. La. Oct. 7, 2013) (certifying a class of oil-spill responders misclassified as independent contractors despite defendant's objections that the class would cover fifty job titles over a five-state area); *Luque v. AT&T Corp.*, No. C 09-05885 CRB, 2010 U.S. Dist. LEXIS 126545, *14 (N.D. Cal. Nov. 19, 2010) (noting that "there is no requirement that Plaintiffs have a representative from each department); *Olmsted v. Residential Plus Mortg. Corp.*, No. 08 C 142, 2008 U.S. Dist. LEXIS 99106 (N.D. Ill. Dec. 9, 2008); *Prater v. Commerc. Equities Mgmt. Co.*, No. H-07-2349, 2007 U.S Dist. LEXIS 85338 (S.D. Tex. Nov. 19, 2007).

Page 13 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

### C. Plaintiff's Notice and Means of Distribution Are Reasonable.

Notice is a matter for the Court to decide. A plaintiff should be allowed to use the language of his choice in drafting the notice, and his notice language should be approved absent reasonable objection. *Vargas v. Richardson Trident Co.*, 2010 U.S. Dist. LEXIS 15104, *36 (S.D. Tex. Feb. 22, 2010); *Gandhi v. Dell, Inc. & Dell Mktg. USA, L.P.*, 2009 U.S. Dist. LEXIS 96793, *5–6 (W.D. Tex. Oct. 20, 2009). "The only changes made by the Court result from its duty to ensure that the notice is fair and accurate." *Id.* (internal quotation marks omitted). Defendant's objections to Plaintiff's proposed notice, and the notice process, are not reasonable, nor do they serve to make the notice process more fair or accurate.

*1. The Court should approve Plaintiff's proposed Notice and Consent forms.*

Plaintiff's proposed Notice essentially copies the *de facto* standard in this district. Notice that is identical in form to Plaintiff's proposed notice in this case has been approved by this Court multiple times in the past few years alone.[8]

Defendant requests a great deal of changes based on changes other courts in this and in the Western District of Arkansas have requested, but as cited above, this Court has approved Plaintiff's proposed notice without these edits as well.[9] Plaintiff has

---

[8] *See, e.g.*, *Coates, et al. v. Dassault Falcon Jet Corp.*, No. 4:17-372-JLH, ECF No. 34 (E.D. Ark. Nov. 21, 2017); *Latcham, et al. v. U.S. Pizza Company, Inc.*, No. 4:16-cv-285-BSM, ECF No. 14 (E.D. Ark. June 5, 2017); *Helms, et al. v. Ford Engineering, Inc., et al.* No. 4:16-cv-541-DPM, ECF No. 19 (E.D. Ark. Aug. 3, 2017); *Floyd, et al. v. Allied Food Industries, Inc.*, No. 4:17-cv-613-BRW, ECF No. 20 (E.D. Ark. May 24, 2018); *Womack, et al. v. St. Francis County, Arkansas*, No. 2:17-cv-205-BRW, ECF No. 12 (E.D. Ark. March 8, 2018); *Ash, et al. v. K-Mac Enterprises, Inc.*, No. 4:17-cv-385-DPM, ECF No. 22 (E.D. Ark. Dec. 27, 2017); *Adams, et al. v. United Cerebral Palsy of Central Arkansas, Inc., et al.*, No. 4:16-cv-930-JLH, ECF No. 14 (E.D. Ark. April 27, 2017).

[9] Specifically, with respect to Defendant's objection to the Proposed Notice ¶ 12 regarding severance, the District of Nebraska has noted that the paragraph was "relatively innocuous" and "appropriate to provide as much information as possible from which putative collective members 'can make informed decisions about whether to participate' in this case." *Mahoney v. CommonSpirit Health*, No. 8:21CV23, 2021 U.S. Dist. LEXIS 238830, at *14 (D. Neb. Dec. 14, 2021); *Friedly v. Union Bank & Tr.*

Page 14 of 20
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Reply in Support of Motion for Conditional Certification

in no way indicated that he is unwilling to make edits based on the Court's rulings. Plaintiff's proposed notice in this case is exactly that—*proposed*. The Court may make adjustments based on Defendant's objections or to ensure fairness as it sees fit. Defendant, however, has not provided an actual reason for the edits it requests, it doesn't claim that the information is incorrect or misleading, it merely states that the edits should be made because they've been required in a few prior cases without regard to the fact that the edits have not been required in quite a few more cases.

Plaintiff specifically objects to Defendant's demand regarding edits to the paragraph stating that Plaintiff's Counsel will receive a portion of any settlement entered in favor of the collective. Defendant insinuates that this statement is somehow misleading, but Defendant is not a party to the representation agreement between the individual members of the putative collective and the Sanford Law Firm and therefore has no business making claims regarding the "accuracy" of the fee arrangement. The statement is included in that paragraph to ease potential opt-ins' concerns regarding out-of-pocket expenses, not to ensure the collective knows the intricacies of fee allowances under the FLSA. This bizarre objection, as well as the lengths to which Defendant goes to sway the Court regarding the unnecessary cost and "artificial" inflation of collective action litigation in general, leads Plaintiff to believe Defendant is attempting to pre-litigate a potential fee petition from Plaintiff. Plaintiff respectfully requests that the Court disregard these spurious "concerns" from Defendant and consider each of Plaintiff's motions before this Court on its own merit and in its proper course.

---

*Co.*, No. 4:21CV3105, 2021 U.S. Dist. LEXIS 233948 (D. Neb. Nov. 19, 2021) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)).

Page 15 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

Finally, Defendant's objection to Paragraph 8 does not make sense and is presumably based on a misreading of the Proposed Notice. The sentence at issue states: "If you do not join *this suit*, however, *its* filing will not stop the running of the statute of limitations." Notice ¶ 8, ECF No. 11-1 (emphasis added). "Its" modifies "this suit," meaning the current suit. The statement clearly means that the filing of this current lawsuit does not toll the statute of limitations on any other lawsuit should the recipient chose to file separately. The statement is not misleading (except under a very ungenerous reading with a particularly willful disregard of grammar rules), nor does it discourage putative participants from "seeking their own avenues of a claim." Resp., p. 20. In fact, the sentence before the one that so confused Defendant states: "If you choose not to join this suit, you are free to file your own lawsuit." Notice ¶ 8. The contents of Paragraph 8 should remain as is.

   *2. The Court should approve Plaintiff's proposed means of disseminating Notice.*

Defendant has provided no reason that email notice should not issue other than a cursory cite to a case in which a plaintiff's request for email notice was denied. Meanwhile, distribution of notice via email is practically the standard in this district. *Smart v. City of Hughes*, No. 2:19-cv-47-KGB, 2021 U.S. Dist. LEXIS 25197 (E.D. Ark. Feb. 10, 2021) ("The Court, however, has routinely ordered that notice be sent via regular U.S. Mail *and* e-mail to all potential opt-in plaintiffs in FLSA cases.") (citing *Bonds v. Langston Cos.*, No. 3:18-cv-189 KGB, 2019 U.S. Dist. LEXIS 162996 (E.D. Ark. Sep. 24, 2019); *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-133-KGB, 2019 U.S. Dist. LEXIS 21266 (E.D. Ark. Feb. 11, 2019); *McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-00824-KGB, 2019 U.S. Dist. LEXIS 2435 (E.D. Ark. Jan. 7, 2019)). "Besides being in

Page 16 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

common practice, distributing notice via direct mail and e-mail 'advances the remedial purposes of the FLSA, because service of notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate.'" *Smart*, 2021 U.S. Dist. LEXIS 25197, at *14–15 (quoting *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630 (S.D. Ohio Feb. 26, 2015)).[10] The Court should likewise approve distribution of email notice and order Defendant to disclose the putative class's email addresses "because it is a method reasonably calculated to provide timely actual notice to potential opt-ins." *McCoy*, 2021 U.S. Dist. LEXIS 26069, at *15.

Defendant's argument that a reminder postcard could be interpreted as judicial endorsement can be disregarded as being in bad faith. Courts have repeatedly rejected this argument. Opinion and Order, *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH (E.D. Ark. Nov. 21, 2017), ECF No. 34; *McCoy*, 2021 U.S. Dist. LEXIS 26069, at *16 ("Though a reminder may run the risk of appearing to encourage participation, it also increases the likelihood that potential opt-in plaintiffs will receive actual notice of this action, reducing the probability that the Court and parties will need to address multiple requests to allow late opt-ins.").[11] For example, the court in *Kutzback v. LMS*

---

[10] *See also* Order, *Meyers v. Hughes Group*, 4:19-cv-806-KGB (E.D. Ark., Feb. 18, 2021), ECF No. 16; Order, *Yasevich v. The Heritage Group*, No. 3:20-cv-19-KGB (E.D. Ark. Feb. 12, 2021), ECF No. 24; *Smart v. City of Hughes*, No. 2:19-cv-00047-KGB, 2021 U.S. Dist. LEXIS 25197 (E.D. Ark. Feb. 10, 2021); Order, *Tappin v. Servicemaster Twin Cities*, No. 4:19-cv-912-JM (E.D. Ark. Dec. 2, 2020), ECF No. 19; *Lehmkuhl*, 2020 U.S. Dist. LEXIS 183456; *Bolden*, No. 4:19-cv-802-KGB, ECF No. 12; *Doss v. Custom Auto Serv.*, No. 4:19-cv-00296-KGB, 2020 U.S. Dist. LEXIS 177456 (E.D. Ark. Sep. 28, 2020); *Girtmon v. Vera Lloyd Presbyterian Family Servs.*, No. 4:20-cv-762-DPM, 2020 U.S. Dist. LEXIS 176382 (E.D. Ark. Sep. 25, 2020); *Galigher*, 2021 U.S. Dist. LEXIS 4474; Order, *Fleming v. Tanner's Neighborhood Bar & Grille*, No. 6:20-cv-6010-RTD (W.D. Ark. Aug. 25, 2020), ECF No. 20.

[11] *See also Looney v. Weco, Inc.*, No. 4:21-cv-00165-KGB, 2022 U.S. Dist. LEXIS 167770 (E.D. Ark. Sep. 16, 2022); *Wihebrink v. Life Strategies Counseling, Inc.*, No. 4:21-cv-573-DPM, 2022 U.S. Dist. LEXIS 64236 (E.D. Ark. Apr. 6, 2022); *Clark v. Sw. Energy Co.*, No. 4:20-cv-00475-KGB, 2022 U.S. Dist. LEXIS 61191 (E.D. Ark. Mar. 31, 2022); *Cottongin v. Premier Envtl. Servs.*, No. 4:21-cv-232-DPM, 2022 U.S. Dist. LEXIS 6311 (E.D. Ark. Jan. 12, 2022); *Lehmkuhl v. Travel Nurse Across Amer., LLC*, No.

Page 17 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

*Intellibound, LLC*, stated:

> The Court believes that, given the language of the notice that clearly states that it is the individual's choice to act or not to act in response to the notice, the risk that a reminder postcard could be construed as any more encouragement by the court to join the lawsuit than the initial notice is low and is outweighed by the concern that all potential opt-in plaintiffs properly receive notification of the collective action.

No. 2:13-cv-2767-JTF-cgc, 2014 U.S. Dist. LEXIS 174558, *39 (W.D. Tenn. Dec. 16, 2014); *See also*, *Hart v. U.S. Bank NA*, No. CV 12-2471-PHX-JAT, 2013 U.S. Dist. LEXIS 160147, *20 (D. Ariz. Nov. 8, 2013) (authorizing plaintiffs to "mail a single reminder notice at some point, within its own discretion, between mailing the initial notice and the close of the opt-in period"); *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2012 U.S. Dist. LEXIS 88440, *21 (N.D. Cal. Jun. 26, 2012) (authorizing a reminder postcard to be sent to potential plaintiffs thirty days prior to the deadline for opting into the action).

The proposed notice makes clear that joining the case is the prerogative of the individual, so there is no realistic risk that the postcard would be perceived as inappropriate encouragement of participation. *See Galigher*, 2021 U.S. Dist. LEXIS 4474, at *10. Rather, the reminder postcard serves the critical function of ensuring that actual notice has been received by the collective <u>and</u> that all consents to join have been received by Plaintiff's counsel.

Finally, Defendant should be required to provide all requested contact information for the collective. Upon a returned notice, Plaintiff immediately uses that poten-

---

4:20-cv-518-DPM, 2020 U.S. Dist. LEXIS 183456 (E.D. Ark. Oct. 2, 2020); *Doss v. Custom Auto Serv.*, No. 4:19-cv-00296-KGB, 2020 U.S. Dist. LEXIS 177456 (E.D. Ark. Sep. 28, 2020); *Girtmon v. Vera Lloyd Presbyterian Family Servs.*, No. 4:20-cv-762-DPM, 2020 U.S. Dist. LEXIS 176382 (E.D. Ark. Sep. 25, 2020).

Page 18 of 20
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Reply in Support of Motion for Conditional Certification

tial opt-in's former address and phone number to locate a new address. Defendant's objection to the disclosure of this information is merely a tactic to delay dissemination of notice to opt-ins who may have recently moved or otherwise be difficult to locate. Moreover, courts frequently order employers to disclose this information upon certification. *See Roche v. S-3 Pump Service, Inc.*, 15-cv-268-XR, 2015 U.S. Dist. LEXIS 89013, at *8 (W.D. Tex. July 9, 2015). Finally, to the extent that the Court is inclined to entertain Defendant's request to delay production of the employee list any longer than one week, the Court should also toll the statute of limitations for the same amount of time. This is not a matter of convenience; the statute of limitations continues to run for each notice recipient until he or she joins the case. *Gortat v. Capala Bros.*, No. 07-CV-3629 (ILG), 2010 U.S. Dist. LEXIS 35451, *30 (E.D.N.Y. Apr. 9, 2010).

### D. Conclusion

Plaintiff has met his burden of demonstrating that he and the class are similarly situated for purposes of conditional certification and distribution of notice. Defendant's arguments to the contrary are either inappropriate credibility-based or merits-based arguments or are only appropriate at the final certification stage according to Eighth Circuit precedent. Further, Plaintiff's proposed Notice and distribution plan are fair and consistent with both common practice and the purposes of the FLSA. The Court should grant Plaintiff's Motion for Conditional Certification in its entirety.

Page 19 of 20
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**

Respectfully submitted,

**JOSEPH WEINMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 20 of 20**
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Reply in Support of Motion for Conditional Certification**