IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSEPH WEINMAN, Individually and
on Behalf of All Others Similarly Situated                    PLAINTIFF

v.                    No. 4:22-cv-857-DPM

SPECTRUM PAINT COMPANY, INC.                                  DEFENDANT

ORDER

1.      Joseph Weinman worked for Spectrum Paint in two of its central Arkansas stores from November 2020 to July 2022. He began as a counter sales associate and worked his way up to assistant manager and eventually store manager. He alleges that Spectrum Paint misclassified him as exempt from the overtime requirements of the FLSA while he was an assistant manager. And he says he regularly worked fifty hours, and sometimes more, each week. He sues on behalf of himself and other similarly situated assistant managers and moves to conditionally certify a collective action. Spectrum Paint opposes certification. At this stage, conditional certification is appropriate if Weinman has provided a factual basis for the Court to conclude that similarly situated workers exist and were subjected to a common policy (formal or informal) that violated the law. *McLendon v. Schlumberger Tech. Corp.*, 2016 WL 3911897, at *1 (E.D. Ark. 15 July 2016) (quotation omitted).

2.    All material circumstances considered, Weinman has made the modest factual showing required under the fairly lenient legal standard that an affected group exists here. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944–45 (W.D. Ark. 2003). It's not, however, the all-encompassing group that Weinman proposes: "all salaried Assistant Managers since 16 September 2019." *Doc. 11 at 1*. Weinman worked at Spectrum Paint's Little Rock store on Cantrell Road and the Conway store. *Doc. 17-1 at 5*. But there are more than one hundred stores across eleven states. The stores have anywhere from three to fourteen employees. And, reflecting the operational differences, some stores do not have assistant managers. The Court is unconvinced that a nationwide, or even multi-state, dispute is presented. The Court therefore conditionally certifies this group:

> All salaried assistant managers who worked at Spectrum Paint's Little Rock or Conway locations since 16 September 2019.

Spectrum Paint must provide Weinman's counsel, on an editable electronic spreadsheet, a list of names, addresses, and personal (non-work) e-mail addresses (if it has them) of group members.

3.    The proposed notice, consent form, email, and follow-up notice are approved with tweaks. *Doc. 11-1, 11-2, 11-3 & 11-4*. Update the group description. Bump the "Time Sensitive" paragraph down to be the fifth numbered paragraph of the notice after "Composition

of the Class" and before "Your Right to Participate in This Suit." Delete the "Effect of Severance" paragraph. Weinman's counsel must send the notice by regular mail with one follow-up notice by email or by postcard. Spectrum Paint must post the notice at its Little Rock and Conway Stores. Here's the schedule:

- Spectrum Paint produces spreadsheet by 24 May 2023
- Notice period opens 31 May 2023
- Opt-in period closes 31 August 2023

\*    \*    \*

Motion, *Doc. 11*, granted as modified.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 May 2023