IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSEPH WEINMAN, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 4:22-cv-857-DPM

**SPECTRUM PAINT COMPANY, INC.**      **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Joseph Weinman and Kevin Simnitt, and Defendant Spectrum Paint Company, by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement:

1. Plaintiff Joseph Weinman ("Weinman") initiated this action on 16 September 2022, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 ("AMWA"). ECF No. 1. Weinman contends that during his tenure with Defendants he and a group of other similarly situated assistant managers were misclassified as exempt from the overtime requirements of the FLSA and were accordingly deprived of a lawfully owed overtime premium for hours worked over 40 in each week. Id. at ¶¶ 17-36.

2. On 30 November 2022, Weinman moved this Court for certification of a collective action consisting of all salaried assistant managers employed by Defendant in the 3 years preceding the filing of the Complaint. *See* ECF Nos. 11 & 12. Weinman also sought the Court's approval of proposed Notice and Consent to Join forms to distribute to members of the putative collective class. *See* ECF Nos. 11-1, 11-2, 11-3, & 11-4.

Page 1 of 5
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Joint Motion for Approval of Settlement

3. On 9 May 2023, this Court partially granted Weinman's Motion, conditionally certified a collective class of: "All salaried assistant managers who worked at Spectrum Paint's Little Rock or Conway locations since 16 September 2019." ECF No. 19. The Court also directed that Notices of the lawsuit as well as Consent to Join forms be sent to the individuals in the proposed collective, as modified by the Court in its Order. *Id.* at ¶ 3.

4. During the Court-approved Notice period, Kevin Simnitt submitted a Consent to Join form. ECF No. 23.

5. Following the Notice period, the parties engaged in discovery regarding Plaintiffs' claims, including Plaintiffs' time and payroll records. Using this information, counsel for the parties entered into settlement negotiations at arms-length.

6. Ultimately, the parties entered into a settlement memorialized in the attached Settlement Agreement and Release ("Agreement") resolving Plaintiffs' claims for back wages. A copy of the Agreement is attached hereto as Exhibit 1.

7. Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

Page 2 of 5
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Joint Motion for Approval of Settlement

8. The Eighth Circuit has cast doubt on whether settlements of wage claims even require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." *Id.* at *6. Nonetheless, to ensure that their settlement agreement is enforceable, the parties attach their Agreement for the Court's review.

9. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

10. To facilitate settlement discussion, Plaintiffs' counsel calculated Plaintiffs' damages assuming the allegations in the Complaint to be true. These damages take into account Plaintiffs' weekly salary received, the then-applicable Arkansas minimum wage, and a number of hours worked over 40 estimated by Plaintiffs (5). By dividing Plaintiffs' effective hourly rate by 2 to arrive at an overtime premium rate, and then multiplying that rate by 5 additional assumed hours per week, Plaintiff's counsel were able to calculate weekly alleged overtime damages. Using the assumed 5 hours of uncompensated work per week, the calculations also capture several weeks of minimum wage violations.

Page 3 of 5
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Joint Motion for Approval of Settlement**

11.     Under the terms of the settlement, each Plaintiff is receiving at least 100% of their calculated damages for alleged minimum wage and overtime damages, as well as an additional 18% for disputed liquidated damages. The parties believe this is a reasonable compromise given Plaintiffs' chance of receiving a lesser award, including the possibility of receiving nothing at all, at trial.

12.     The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, the Parties negotiated an amount of attorneys' fees of $5,400.00 completely separate from and after the settlement of Plaintiffs' claims. Accordingly, the Parties do not seek review of this portion of their settlement. See *Barbee*, 927 F. 3d at 1027 ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

13.     Plaintiffs and Defendants jointly seek dismissal, with prejudice, of Plaintiffs' claims for back wages and all other relief as sought in the Complaint in this action. The parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an

Page 4 of 5
**Joseph Weinman, et al. v. Spectrum Paint Company, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM**
**Joint Motion for Approval of Settlement**

order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit and retaining jurisdiction to enforce the terms of their Agreement.

Respectfully submitted,

**JOSEPH WEINMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**   **DEFENDANT SPECTRUM PAINT COMPANY, INC.**

FRIDAY, ELDREDGE & CLARK, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 370-1526
Facsimile: (501) 244-5348

*/s/ Michael S. Moore*
Michael S. Moore
Ark. Bar No. 82112
mmoore@fridayfirm.com

Mark K. Cameron
Ark. Bar No. 2021193
mcameron@fridayfirm.com

Page 5 of 5
Joseph Weinman, et al. v. Spectrum Paint Company, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-857-DPM
Joint Motion for Approval of Settlement