## SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Joseph Weinman and Kevin Simnitt ("Plaintiffs") and Spectrum Paint Company, Inc. ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>.  On September 16, 2022, Plaintiff Joseph Weinman filed the Civil Action, *Joseph Weinman, Individually and on Behalf of All Others Similarly Situated v. Spectrum Paint Company, Inc.*, No. 4:22-cv-857-DPM in the United States District Court for the Eastern District of Arkansas (the "Action"). In the Action, Plaintiffs claim that Defendant failed to pay Plaintiffs their proper overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

3. <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel the total sum of **Ten Thousand Nine Hundred Dollars** ($10,900.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within fourteen (14) days of the Court's approval of this Agreement, in the following amounts:

> a. a check for $1,775.00 made payable to Joseph Weinman, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2,
>
> b. a check for $975.00 made payable to Kevin Simnitt, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue an IRS Form W-2,
>
> c. a check for $1,775.00 made payable to Joseph Weinman, without withholdings, representing claimed liquidated damages, for which Defendant will issue Plaintiff an IRS Form 1099,
>
> d. a check for $975.00 made payable to Kevin Simnitt, without withholdings, representing claimed liquidated damages, for which Defendant will issue Plaintiff an IRS Form 1099, and

Doc ID: 4439f9adfc316393018c6c4ef51ed91c53ded4cf

    e. a check for $5,400.00 in settlement of any and all claims for attorneys' fees, made payable to Sanford Law Firm, PLLC, for which Defendant will issue an IRS Form 1099.

  4. <u>Motion for Approval</u>.  Within seven (7) days of complete execution of this Agreement,, the Parties will file a Joint Motion for Approval of Settlement and for Dismissal with Prejudice, in a form to be agreed upon by the Parties.

  5. <u>Release of Claims</u>.  In exchange for the promises contained herein, Plaintiffs release and discharge the Defendant, its representatives and assigns, as well as its predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims and rights of any kind that Plaintiffs may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with their employment with Defendant from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorneys' fees and costs under the FLSA or the AMWA or any other applicable federal or state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs.

  6. <u>Covenant Not to Sue</u>.  Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

  7. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>.  Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiffs

Doc ID: 4439f9adfc316393018c6c4ef51ed91c53ded4cf

from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

8. <u>Neutral Reference</u>. Defendant shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Defendant regarding Plaintiffs, Defendant shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary and last position or title, unless Plaintiffs have authorized the release of additional information or such release is required by law as discussed below.

Where Plaintiffs have authorized the Defendant to make such statements or take such actions in a prospective employer's request for Plaintiffs' employment information, Defendant is free to respond to those requests truthfully. This paragraph shall not restrict Defendant from complying with any law that requires the release or disclosure of information. If Plaintiffs are requested, required, or permitted upon making application for any employment to give a contact at Defendants or to address any authorization to a specific person or office at Defendants, he shall name Catherine Patrick, Director of Human Resources, Catherine.Patrick@spectrumpaint.com - mailto: 918-398-2188.

9. <u>Non-Disparagement</u>. Plaintiffs agree that they shall not disparage or otherwise communicate negatively about Defendant to third parties. This covenant does not prohibit the Parties from providing truthful testimony in response to any lawful subpoena.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between the Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between the Plaintiffs and Defendant.

11. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

13. <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party,

Doc ID: 4439f9adfc316393018c6c4ef51ed91c53ded4cf

notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15. <u>Counterparts</u>. The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

**PLAINTIFF**

*Joseph Weinman*

**Joseph Weinman**

Date: 12 / 09 / 2023

**PLAINTIFF**

_____

**Kevin Simnitt**

Date: _____

**DEFENDANT**

_____

**Spectrum Paint Company**

Date: 12/13/2023

Doc ID: 4439f9adfc316393018c6c4ef51ed91c53ded4cf

notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

    14.    <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

    15.    <u>Counterparts</u>. The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

**PLAINTIFF**

_____
**Joseph Weinman**

Date: _____

**PLAINTIFF**

_____[signature]_____
**Kevin Simnitt**

Date: 12 / 08 / 2023

**DEFENDANT**

_____[signature]_____
**Spectrum Paint Company**

Date: 12/13/2023

Doc ID: d6bcaccfa884461fd718876c019bbae0a70f9b34